IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITES STATES OF AMERICA,

    Plaintiff,

v.

1. REAL PROPERTY AND IMPROVEMENTS IDENTIFIED BY MENDOCINO COUNTY APN 051-290-04, 051-300-02, 051-310-01, 051-320-01,

2. REAL PROPERTY AND IMPROVEMENTS IDENTIFIED BY MENDOCINO COUNTY APN 051-180-08, 051-190-05, 052-010-01, 052-010-03, 052-010-09, 052-010-14, 052-010-15, 052-010-16, 052-010-17; REAL PROPERTY AND IMPROVEMENTS IDENTIFIED BY HUMBOLDT COUNTY APN 222-024-003, 222-025-003;

3. REAL PROPERTY AND IMPROVEMENTS IDENTIFIED BY MENDOCINO COUNTY APN 051-180-09, 051-180-10

    Defendants.
    /

PAUL SAYERS, GRAESON PRESCOTT, DIANA MENDES AND BARNUM TIMBER COMPANY,

    Claimants
    /

No. C 08-03093 WHA

**ORDER GRANTING JOINT MOTION TO STAY**

**INTRODUCTION**

In this civil forfeiture suit, plaintiff United States of America and claimants Diana Mendes, Graeson Prescott, Barnum Timber Company, and Paul Sayers jointly move to stay all

proceedings in this case pursuant to 18 U.S.C. 981(g). As there is a high degree of similarity between the parties of this case and a related criminal investigation such that the rights and abilities of the parties will be adversely affected, the motion is **GRANTED**.

## STATEMENT

In this case, the government alleges that defendant properties were used to facilitate the growth of over 10,000 marijuana plants and, thus, the properties are subject to forfeiture under 21 U.S.C. 881(a)(7). Claimant Barnum Timber is the lien holder for defendant property 1, and claimant Diana Mendes is the lien holder for defendant property 2. Claimants Graeson Prescott and Paul Sayers are the owners of record for defendant property 3. The government has commenced a criminal investigation regarding drugs potentially grown on these properties and, thus, the claimants — through their ownership of the properties — are involved in some fashion as well.

## ANALYSIS

As the government is conducting a criminal investigation in which the properties and claimants are involved, both parties have requested a stay of the proceedings. Under 18 U.S.C. 984(g):

> (1) Upon the motion of the United States, the court shall stay the civil forfeiture proceeding if the court determines that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case.
>
> (2) Upon the motion of a claimant, the court shall stay the civil forfeiture proceeding with respect to that claimant if the court determines that —
>
> (A) the claimant is the subject of a related criminal investigation or case;
>
> (B) the claimant has standing to assert a claim in the civil forfeiture proceeding; and
>
> (C) continuation of the forfeiture proceeding will burden the right of the claimant against self-incrimination in the related investigation or case.

While the Court is troubled by the constant delays in this action, this order finds that civil discovery directed to claimants will both adversely affect the ability of the government to

conduct a related criminal investigation and will burden the rights of the claimants against self-incrimination in said criminal investigation. As the Court is unable to alternatively fashion a protective order that allows discovery to continue in such a manner that the parties will not be adversely affected, the Court must grant the motion and thus the proceedings in this case are stayed. Because claimants are either lien holders or owners of record of the properties involved in the investigation, claimants will likely be forced to choose between complying with discovery in this matter and with exercising their privilege against self-incrimination in the criminal investigation. Similarly, the government's ex parte declarations convince the Court that discovery in this case would adversely affect its ability to conduct the ongoing criminal investigation at this time, and that the criminal investigation is closely related to the parties and property in this civil matter. This stay, however, will not be for an indefinite amount of time but for only 180 days, as the Supreme Court has held that stays which are indefinite will not be upheld. *Landis v. North American Co.*, 299 U.S. 248, 257 (1936). In addition, United States attorney Susan Gray stated at the hearing — apparently on behalf of all the parties — that on the very outside the case would either be settled or ready to go to trial within six months. The stay will be for that time and no longer. If there are to be any subsequent motions for a stay, the parties will have to meet the burdens placed on them by 18 U.S.C. 981(g). The Court will continue to monitor the litigation and ensure that it proceeds in a timely manner.

**CONCLUSION**

For the reasons stated above, the joint motion to stay all proceedings in this case is **GRANTED** and all proceedings herein are hereby stayed for a period of 180 days from the date of this order, which will be **SEPTEMBER 28, 2009**. The parties must provide a status update regarding the ongoing criminal investigation on **JUNE 23, 2009**, so that the Court can properly monitor the litigation. If the case is not resolved by September 28, 2009, a case management

3

conference will be held on **OCTOBER 1, 2009, AT 11:00 A.M.** The parties will be required to file a joint case management conference statement by **SEPTEMBER 24, 2009**.

**IT IS SO ORDERED.**

Dated: April 1, 2009.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4