JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney

BRIAN STRETCH (16397)
Acting Chief, Criminal Division

SUSAN B. GRAY (CSBN 100374)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102
    Telephone: 415.436.7324
    Facsimile: 415.436.7234
    E-mail: Susan.B.Gray@usdoj.gov

Attorneys for the United States of America

E-filing

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br><br>    v.<br><br>1. REAL PROPERTY AND IMPROVEMENTS IDENTIFIED BY MENDOCINO COUNTY APN 051-290-04, 051-300-02, 0510310-01, 051-320-01;<br><br>2. REAL PROPERTY AND IMPROVEMENTS IDENTIFIED BY MENDOCINO COUNTY APN 051-180-08, 051-190-05, 052-010-01, 052-010-02, 052-010-03, 052-010-09, 052-010-14, 052-010-15, 052-010-16, 052-010-17 AND HUMBOLDT COUNTY APN 222-024-003, 222-025-003;<br><br>3. REAL PROPERTY AND IMPROVEMENTS IDENTIFIED BY MENDOCINO COUNTY APN 051-180-09, 051-180-10.<br><br>                  Defendants, | No. C 08 3093 WHA<br><br>**STIPULATION AND ORDER RE: SALE OF DEFENDANT REAL PROPERTY** |

Plaintiff, United States of America, and claimant, Diana Mendes, through counsel Jonathan Howden, ("the parties") agree, subject to the Court's approval, to claimant's foreclosure sale of the defendant real property, which is described as:

REAL PROPERTY AND IMPROVEMENTS IDENTIFIED BY MENDOCINO COUNTY APN 051-180-08, 051-190-05, 052-010-01, 052-010-02, 052-010-03, 052-010-09, 052-010-14, 052-010-15, 052-010-16, 052-010-17 AND HUMBOLDT COUNTY APN 222-024-003, 222-025-003

(hereinafter "defendant real property") as follows:

1. On or about June 26, 2008, plaintiff commenced this forfeiture action against the defendant real property alleging that it was subject to forfeiture, pursuant Title 21, United States Code, Section 881(a)(7), as property which facilitated the cultivation of marijuana.

2. Lost Paradise Land Corporation (hereinafter "LPLC"), is the owner of record for the defendant real property. Lost Paradise Land Corporation has never filed a claim in this action.

3. Claimant Diana Mendes (hereinafter "Claimant") claims a secured interest in defendant real property, pursuant to a note secured by a deed of trust to the defendant property. *See* Answer filed September 3, 2008. She is the only entity to appear in this case and make a claim to the defendant real property.

4. No payments have been made by LPLC on Claimant's note since June of 2008. LPLC is in default on the note and Claimant Mendes seeks to foreclose on the defendant property. The United States agrees that a foreclosure sale may go forward as the most expeditious means of preserving the value of the property and clearing title to the property so that it may be sold by the parties.

5. The parties agree to the foreclosure sale of the defendant real property on the following terms:

    a. Claimant shall seek to foreclose on the defendant property in accordance with law. The Claimant may exercise her discretion to employ the services of a duly qualified agent to facilitate the foreclosure sale of the

defendant property. Both the United States and Claimant must approve the foreclosure agent and the terms of the foreclosure sale. The parties will not unreasonably withhold their approval of the foreclosure agent and the terms of the foreclosure sale.

b. Following the foreclosure of the defendant property, if it is not purchased at the foreclosure sale by a third party, Claimant shall seek to sell the defendant property as expeditiously as possible. Claimant shall employ the services of a duly qualified real estate agent and title company to facilitate the sale of the defendant property. The United States must approve the real estate agent and title company selected by Claimant, but such approval will not be unreasonably withheld. Both the United States and Claimant must approve the sales price of the defendant property before the property may be sold. The parties will not unreasonably withhold their approval of the sales price.

c. Claimant agrees to provide directions to the escrow officer that the net proceeds of the sale of defendant property shall be paid to the United States Marshals Service upon the close of escrow. "Net Proceeds" are defined in paragraph f. below.

d. Upon receipt of the net proceeds of the sale of the defendant property, either by foreclosure sale or otherwise, the United States Marshals Service shall deposit and maintain the net proceeds in an interest bearing account until further order of this court.

e. The net proceeds shall be deemed the substitute for the defendant property and the claims of the respective parties shall apply against that substitute res. The parties to this stipulation and proposed order further reserve the right to challenge the merits of those claims in this proceeding.

f. The "net proceeds" of the sale of the defendant real property will be

determined by deducting the costs of the foreclosure sale, and thereafter, only the ordinary costs of sale, such as real estate commission, recording fees and other customary closing costs, but not including attorneys' fees or the amount of the lien held by claimant. The United States must approve, in writing, the estimated closing costs before the closing can take place. The costs of the foreclosure sale are to be paid to Claimant at the close of escrow.

    g.    The United States will provide a release of its *lis pendens* on the defendant real property to the escrow officer at the title company handling the escrow along with directions to the escrow officer to record the release with the county recorder upon payment to the United States Marshal Service by the escrow officer of the net proceeds of the sale of the defendant real property as set forth above.

7.    The United States reserves the right to approve any potential buyer and purchase price.

IT IS SO STIPULATED:

Dated: 2-9-10

JOSEPH P. RUSSONIELLO
United States Attorney

_____
SUSAN B. GRAY
Assistant United States Attorney

Dated: 2-25-10

_____
JONATHAN HOWDEN
Counsel for Claimant Diana Mendes

Dated:

_____
Diana Mendes, Claimant

IT IS SO ORDERED ON THIS 25 DAY OF Feb, 2010, PURSUANT TO THE FOREGOING STIPULATION.

DATED:

_____
WILLIAM H. ALSUP
United States District Judge

*STIPULATION AND ORDER RE: SALE*
*[C 08-3093 WHA]*    4